**NICHOLS et al. v. SANBORN CO.**
No. 4260.

District Court, D. Massachusetts.
Sept. 30, 1938.

Hyman J. Cohen, Lee M. Friedman, and Friedman, Atherton, King & Turner, all of Boston, Mass., and Daniel G. Cullen, of Detroit, Mich., for plaintiffs.

David Rines, of Boston, Mass., for defendant.

FORD, District Judge.

This is an equity patent-infringement suit. The plaintiffs charged that the defendant infringed the letters patent in suit by making, using, and selling electrocardiograph devices embodying the patented invention of the plaintiffs.

The bill of complaint was filed December 2, 1935 and although the time for filing interrogatories had expired without either party interrogating the other, a stipulation was entered into allowing discovery and interrogatories to be filed pertaining to all matters that had occurred up to the date of filing.

In consequence, interrogatories were filed by the plaintiffs and the matters inquired about related to the activities of the defendant company in manufacturing electrocardiograph devices in the District of Massachusetts and requested information concerning diagrams, literature, circuit diagrams, and certain details of the make-up of models or designs of the devices manufactured and sold by the defendant.

The defendant objected to each and every interrogatory, mainly on the ground that they were in violation of Equity Rule 58, 28 U.S.C.A. following section 723, in

910

that the interrogatories related to evidentiary details and not ultimate facts; that the matters inquired about were immaterial and irrelevant; and the further ground that the plaintiffs were on a "fishing expedition."

Inasmuch as the new Rules of Civil Procedure for the District Courts of the United States are now in effect we need waste no time as to whether or not any of the provisions of Equity Rule 58 are applicable inasmuch as this rule has been supplanted by the adoption of the new rules, in this type of case.

It seems to have been intended by the framers of the rules that they should be construed to secure the just, speedy, and inexpensive determination of every action, and that cases might be settled on their merits, and that the complexities existing under Equity Rule 58 should be abolished.

It is perfectly apparent that Rules 26 to 37, inclusive, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c relating to depositions, discovery, depositions on oral examination and written interrogatories, interrogatories to parties, discovery and production of documents and things for inspection, copying, or photographing, and the admission of facts and genuineness of documents were formulated with the intention of granting the widest latitude in ascertaining before trial facts concerning the real issues in dispute, and permitting interrogatories to parties in connection with any relevant matter in order to make available the facts pertinent to the issues to be decided at the trial and eliminate all expense and difficulty that would be involved in their production at the trial. They were formulated with a view to simplifying the issues. With this same purpose in view the provisions as to Pre-Trial Procedure (Rule 16, 28 U.S.C.A. following section 723c) were adopted enabling Courts to call the parties before them and cut away, by agreement and admissions of parties, all encumbrances to a speedy trial on simplified issues.

In this connection it is well to note that Rule 26(b), 28 U.S.C.A. following section 723c, dealing with the scope of examination in depositions permits examination, "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

Moore's "Federal Practice under the New Federal Rules", Volume 2, Section 33.02, pp. 2615, 2616, states that:

"The restrictions which hampered Equity Rule 58 are not applicable to discovery under Federal Rule 33. It should be noted that Rule 33 does not expressly define the scope of discovery permitted under it. Since there is an unlimited right to discovery by taking depositions upon oral examination or upon written interrogatories, the silence of Rule 33 on this matter must be construed to permit discovery of the same scope. There is no reason to grant an unlimited right to discovery by deposition on the one hand and restrict discovery under Rule 33 on the other hand. Rule 33 provides merely a less formal and less expensive method of examining an adverse party before trial than the deposition method. Thus, the scope of discovery under Rule 33, like the scope of discovery by deposition, is governed by Rule 26(b)."

I am in accord with this interpretation and, consequently, it seems apparent that the distinction between discovery of "evidentiary" facts and "ultimate or material" facts is abolished, as is also the holding under Equity Rule 58 that discovery could be obtained only of matters exclusively or peculiarly within the knowledge or control of the adverse party, (Moore, supra, page 2617); and further, it is now established that parties may also be interrogated as to the identity and location of persons having knowledge of relevant facts. Also, under the old practice, neither the plaintiff nor the defendant was entitled to discovery of an inquisitorial character as to the ground of action or defense of the other. Taylor v. Ford Motor Co., D.C., 2 F.2d 473, at page 478. Under the present rule discovery may be had now to ascertain facts relating not only to the party's own case but his adversary's also. It seems to me that the scope of examination allowed under Rule 33, 28 U.S.C.A. following section 723c, is coextensive with the scope of examination permitted under Rule 26(b) relating to depositions.

In view of this construction of Rule 33, all of the interrogatories concerning the matters stated above, except No. 9, appear to be pertinent to the issues to be tried in

this case, and it would be violative of Rule 33, both in letter and spirit, not to compel the defendant to answer them.

To keep in step with the purpose and spirit underlying the adoption of these rules it is better that liberality rather than restriction of interpretation be the guiding principle. This will avoid the confusion and complexities which have resulted as a result of the diversified interpretations of Equity Rule 58 by the Courts.

Interrogatory No. 9 asking the defendant whether or not he agrees to have available at the trial a representative sample of certain apparatus need not be answered. The plaintiffs can take the necessary steps to have the same produced at the trial.

Objections to interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16 are overruled and should be answered. Objection to interrogatory No. 9 is sustained.