**CHANDLER et al. v. CUTLER–HAMMER, Inc.**

No. 5325.

District Court, E. D. Wisconsin.

Feb. 13, 1940.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiffs.

Thiess, Olson & Mecklenburger, of Chicago, Ill., and Lecher, Michael, Whyte & Sopher, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a patent infringement suit. The defendant has proposed certain interrogatories which were filed on March 30, 1939, the plaintiffs, on May 1, 1939, answered certain of the interrogatories and filed objections to answering the balance.

One of the purposes of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to obtain admissions, and thereby limit the subjects of controversy that would have to be disposed of on the trial. The new Rules were a great innovation in several of the States and undoubtedly there may be a tendency, especially by the courts in such States, to construe the rules rather narrowly and to limit their operation.

I find myself in agreement with the statement of the court in the case of Unlandherm v. Park Contracting Corporation, D.C., 26 F.Supp. 743, 745, where the court said: "To keep in step with the purpose and spirit underlying the adoption of these rules, it is better that liberality rather than restriction of interpretation be the guiding rule."

The language used by Judge Conger in the above case is almost identical with that used by Judge Ford in the earlier case of Nichols et al. v. Sanborn Co., D.C., 24 F. Supp. 908, at page 910. In the latter opinion the court said: " 'The restrictions which hampered Equity Rule 58 [28 U.S. C.A. following section 723] are not applicable to discovery under Federal Rule 33 [28 U.S.C.A. following section 723c]. It should be noted that Rule 33 does not expressly define the scope of discovery permitted under it. Since there is an unlimited right to discovery by taking depositions upon oral examination or upon written interrogatories, the silence of Rule 33 on this matter must be construed to permit discovery of the same scope. There is no reason to grant an unlimited right to discovery by deposition on the one hand and restrict discovery under Rule 33 on the other hand. Rule 33 provides merely a less formal and less expensive method of examining an adverse party before trial than the deposition method. * * * ' " (Quoting Moore's Federal Practice under the New Federal Rules, Vol. 2, Sec. 33.02, pp. 2615, 2616).

The foregoing quotations properly express the attitude that the courts should take in ruling on objections to interrogatories.

The courts recognize that interrogatories may cover as broad a field of inquiry as when the interrogated party is called as a witness to testify orally at the trial. Caggiano v. Socony Vacuum Oil Co., D.C., 27 F.Supp. 240. It is very evident that it was the intent of the framers of the new Rules that they should provide ample facilities for the discovery of facts before trial, so that surprise at the trial and possible miscarriage of justice might be avoided. Coca Cola Co. v. Dixi-Cola Lab. Inc., D.C., 30 F.Supp. 275, 277.

For convenience we can group the interrogatories to which objections have been filed.

Interrogatories Nos. I(a) to (n), inclusive, refer to the Panish patent; and Nos. II(a) to (i), inclusive, refer to the Chandler patent. The questions in these interrogatories are directed to the ascertainment of facts such as dates of invention; dates and places of first disclosure; dates and places of first drawings; dates and places of first reduction to practice, etc. Plaintiffs say that they are willing to deliver the information called for in such interrogatories under seal to defendant's counsel, simultaneously with the delivery to plaintiffs' counsel of answers to the same questions with respect to each instance of prior knowledge, prior use, prior sale, and prior invention of patents in suit, which the defendant will rely upon.

The court in Babcock & Wilcox Co. v. North Carolina Pulp Company, D.C., 25 F.Supp. 596, sustained similar objections on the ground that if such a procedure were not had, in that case the defendant might manufacture evidence to meet those dates. I do not believe we should base decisions on the assumption that the parties to litigation are dishonest and would attempt to practice a fraud upon the court. The pleadings in this case have now been completed. Plaintiff can obtain similar information from the defendant at approximately the same time. The objection of the plaintiffs to the first group of interrogatories will be overruled, and the order may require answer to interrogatories Nos. I(a) to (n), inclusive, and II(a) to (i), inclusive.

The objections to answering interrogatories I(r) and II(n) may be overruled. The objection to interrogatory II(j) will be sustained. Objection to further answering III(b) will be overruled.

■ Plaintiffs object to interrogatories IV(a), (b), (c), and (d) and VI(a), (b), and (c) on the ground that they call for the opinion of the plaintiffs, and their theories and conclusions with respect to the construction of the claims in suit, and their theories of infringement. In Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423, at page 424, it was stated: "Interrogatory pertinent to the subject matter involved may be put, and except for certain exceptions, such as, questions that tend to incriminate, to express an opinion, a conclusion of law, or a contention, and possibly other exceptions * * * should be answered."

Other cases to a similar effect are Boysell Co. v. Hale, D.C., 30 F.Supp. 255, and Lanova Corp. v. National Supply Co., D. C., 29 F.Supp. 119.

The questions proposed in these interrogatories really ask for the construction of claims, whereas interrogatories should be designed to elicit facts. A construction of a claim is eliciting an opinion and, therefore, the objections to interrogatories IV and VI, and the various sub-heads thereof, will be sustained. For the same reasons, the objections to interrogatory V will be sustained. Objection to answering subsection (b) of interrogatory VII will be sustained, as calling for a legal conclusion as to the effect of a written instrument.

■ As to interrogatory XI, it would appear entirely proper that the defendant be advised as to who is the real party in interest, and therefore objections to answering interrogatory XI will be overruled.

Let an order be entered accordingly.