## THE EXERMONT.

## AMERICAN MFG. CO. v. THE EXERMONT et al.

District Court, S. D. New York.

Sept. 26, 1940.

Hill, Rivkins & Middleton, of New York City (Eugene P. McCue, of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis, of New York City, of counsel), for respondents.

MANDELBAUM, District Judge.

This is a hearing on exceptions to the interrogatories which respondent annexed to its answer herein.

Libelant seeks to recover damages for injuries to a shipment of hemp transported on the S. S. Exermont from Leghorn to New York under a bill of lading dated December 7, 1939. The delivery of the hemp in good order, and condition at Leghorn and the delivery at New York seriously damaged and impaired in value, in violation of respondents' and the ship's obligations and duties, are alleged in the libel. Negligence is not alleged. The answer, in addition to denying the damage, sets up certain affirmative defenses among which is the assertion that the hemp, if damaged at all, was damaged while not in respondents possession but through some inherent vice or by some cause for which respondent is not responsible.

Objection is made to interrogatories 3rd, 4th, 5th, 6th and 7th upon the ground that they relate to the history of the cargo prior to the delivery to respondents, a matter upon which libelant has the burden of proof. Interrogatories 7th and 13th are objected to on the ground that they relate to the question of damages, which, in admiralty, is usually determined by a commissioner after there has been an adjudication of liability. The objection to Interrogatory 14 is that it seeks the production of confidential and privileged documents, namely the survey reports made by the cargo underwriters.

▇▇ Clearly all the interrogatories relate to matters relevant to the issues in the case. Those interrogatories relating to the condition of the cargo before delivery to the carrier, with respect to which the burden of proof would normally be upon the libelant, would have been improper before September 1, 1939, at which date Admiralty Rule 31 was amended by the Supreme Court of the United States, 28 U.S.C.A. following section 723. See Helgoland.[1] By the amendment of 1939, however, the admiralty rule was amended by framing it in the exact words of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Considering that Rule 33 of the Federal Rules of Civil Procedure had been in operation for sometime before Admiralty Rule 31 was amended by the Supreme Court, there would seem to be no valid reason why both rules should not be given the same interpretation. Varying constructions of the same words usually results in confusion. Certainly the discovery of the truth in a suit in admiralty is just as much the purpose of the admiralty rules of practice and procedure as it is of the Federal Rules of Civil Procedure in civil actions, and I cannot see that the limitation of discovery by way of interrogatories to those issues upon which the interrogating party has the burden of proof will aid this purpose. See E. I. Du Pont De Nemours & Co. v. Byrnes, D.C., 1 F.R.D. 34. The purpose of the amendment to Admiralty Rule 31 obviously was to liberalize and bring in step with the civil practice, the admiralty practice which since the adoption of the Federal Rules of Civil Procedure, had fallen behind the civil practice. Petition of Pennsylvania Railroad Company, et al.[1] Under the Federal Rules of Civil Procedure, interrogatories 3rd, 4th, 5th, 6th and 7th would be proper and I shall, therefore, overrule the exceptions to them.

▇▇ I shall likewise overrule the exceptions to interrogatories 12 and 13. Under Rule 33 of the Federal Rules of Civil Procedure, the courts, in the exercise of their discretion, have usually allowed interrogatories directed to the question of damages even where an accounting would be necessary after the issue of liability had been determined. Fox v. House, D.C., 29 F.Supp. 673. Nothing has been shown here to change that rule. It will not be unduly burdensome for libelant to answer these interrogatories and the information thus given will be relevant and material to a commissioner if the case ever reaches that stage.

▇▇ I shall, however, sustain the objection to Interrogatory No. 14 without prejudice, to a motion by respondent under Admiralty Rule 32 for an inspection of the survey reporter. The question of privilege is always a delicate one and libellant should be given an opportunity to raise it when the request for the surveys has been properly presented.

Motion disposed of as indicated. Submit order on notice.

---

[1] No opinion for publication.