## THE CHRISTINA.

## THE BERN.

## CHRISTIANSEN v. READING CO.

### No. A–15892.

District Court, E. D. New York.

Oct. 17, 1940.

Mahar & Mason, of New York City, for libellant.

Macklin, Brown, Lenahan & Speer, of New York City, for claimant.

MOSCOWITZ, District Judge.

The libellant has excepted to interrogatories "1" to "4", inclusive, propounded by the claimant upon the ground that they are not directed to the subject upon which the claimant has the affirmative burden. Interrogatories "1", "2", "3" and "4" read as follows:

"1. State when and where the barge 'Christina' was built.

"2. (a) State the dimensions of the barge 'Christina';

"(b) Her draft, loaded, on the occasion described in the Libel.

"3. Has the barge 'Christina' had any repairs made to her during five years prior to the accident alleged in the Libel.

"4. If your answer to the Third Interrogatory is in the affirmative, state—

"(a) When and where the repairs were made, and describe the same;

"(b) Attach copies of any and all surveys showing the nature of the repairs made during said five year period prior to the accident alleged in the Libel;

"(c) Attach copies of repair bills for all such repairs made during the said five year period prior to the accident alleged in the Libel."

The libellant claims damages for the loss of his barge "Christina" on February 14, 1940, it being alleged that the tug which had it in tow negligently caused the barge to come into contact with the bell buoy. Claimant denies contact and alleges that the libellant, who was acting as Master of the barge, refused to have his barge placed at a point where claimant contends was a safe harbor and where it could be siphoned. The libellant further alleges that the barge was in all respects seaworthy. This is denied by the claimant.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by their very terms are not made applicable to admiralty cases. Rule 81(a), Subdivision (1), reads as follows: "These rules do not apply to proceedings in admiralty. * * *"

The interrogatories are propounded pursuant to Rule 31 of the Admiralty Rules, 28 U.S.C.A. following section 723, which reads as follows: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Objections to any interrogatories may be presented to the court within 10 days after service thereof, with notice as in case of a motion; and answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable. No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party."

Rule 33 of the Federal Rules of Civil Procedure and Rule 31 of the Admiralty Rules are identical. They are therefore entitled to the same construction. Petition of Pennsylvania Railroad Company et al.[1]

Any construction by the Courts of Admiralty Rule 31 prior to the adoption of the Federal Rules of Civil Procedure which would conflict with the decision of the Courts interpreting Rule 33 of the Federal Rules of Civil Procedure can no longer be regarded as authority. It can not be successfully urged that less latitude is permitted in propounding interrogatories under Admiralty Rule 31 than under Rule 33 of the Federal Rules of Civil Procedure.

A party to an admiralty case, even though he may not have the affirmative burden, is permitted discovery and inspection. It is unreasonable to suppose that the Supreme Court of the United States in formulating rules intended to impose one form of justice in civil cases and another in admiralty cases.

Exceptions to interrogatories are overruled.

---

[1] No opinion for publication.