## THE VELOX.

## GREAT ATLANTIC & PACIFIC TEA CO. v. THE VELOX et al.

## THE KAREN THORDEN.

## CONTINENTAL INS. CO., Inc., et al. v. THE KAREN THORDEN et al.

District Court, S. D. New York.

Dec. 3, 1940.

Hill, Rivkins & Middleton, of New York City (Barton P. Ferris, of New York City, of counsel), for libelants.

**930**

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for respondents.

KNOX, District Judge.

The problem here is the scope and construction of Admiralty Rule 31, as amended by the Supreme Court of the United States, in effect September 1, 1939, 28 U.S.C.A. following section 723, when applied to cargo-damage cases.

The issues arise by exceptions taken by the libellants to certain of the interrogatories annexed to the answers of the respondents.

The libels allege delivery of the cargo in good condition, and discharge in a seriously damaged condition, and impaired in value, all in violation of respondents' and ships' obligations and duties as common carriers of merchandise by water for hire.

The libels do not allege negligence on the part of the carriers.

The answers, among other defenses, set up that the goods were shipped under bills-of-lading, and that if the goods were damaged, the injuries did not occur while in carriers' possession, but before delivery to the vessel, or from inherent vice, or other causes not attributable to respondents and claimants.

The cargo in the S. S. Velox case was coffee beans, and the damage claimed is that of seawater. In the S. S. Karen Thorden case the cargo was raw hareskins, and the damage claimed is that caused by sweating of the vessel's hold.

Being in accord with the view expressed by Judge Mandelbaum in the S. S. Exermont case, D.C.S.D. of N. Y., 1 F.R.D. 574, decided September 26, 1940, and by Judge Moscowitz in the Steamtug Bern case, The Christina, D.C.E.D. of N. Y., 35 F.Supp. 522, regarding the construction and scope of new Admiralty Rule 31, I shall follow these decisions, including that portion dealing with interrogatories directed of the question of damages, Fox v. House, D.C., 29 F.Supp. 673.

Admiralty Rule 31 is identical with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and was adopted subsequent thereto, and I think it should be given the same construction. It is true that Federal Rules of Civil Procedure, 81(a) (1) provides that "These rules do not apply to proceedings in admiralty", but I think this does not mean that they shall or must not apply. That sentence was included in the new rules merely as a recognition of the lack of power in the Rules Committee to promulgate rules for procedure in admiralty under the Act, 48 Stat. 1064, 28 U.S.C.A. § 723b and § 723c.