## AMERICAN S.S. CO. v. BUCKEYE S.S. CO.
### No. 2122.

District Court, W. D. New York.
March 6, 1941.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., of counsel), for libellant.

Duncan, Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio (William M. Connelly, of Buffalo, N. Y., of counsel), for respondent.

KNIGHT, District Judge.

The American Steamship Company has filed a libel against the Buckeye Steamship Company, a corporation, and in connection therewith has propounded the following interrogatories:

First Interrogatory: State with reference to buoys marking Channel, the location of the Steamer Maritana when she sounded one blast passing signal to the Steamer Consumers Power.

Second Interrogatory: State the location of the Consumers Power in the length and width of the channel at the time referred to in the First Interrogatory.

Third Interrogatory: State whereabouts in the length of the channel the stem of the Maritana first came abreast the stern of the Steamer Consumers Power.

Fourth Interrogatory: State how far astern of the Consumers Power was the stem of the Maritana when the one blast passing signal was sounded.

Fifth Interrogatory: State the amount of clearance between the two vessels on the projected course of the Maritana and the then course of the Consumers Power at the time the Maritana blew the one blast passing signal.

Sixth Interrogatory: State the clearance between the projected line of the port side of the Maritana at the time her stem came abreast the stern of the Consumers Power and the starboard side of the Consumers Power on her then course.

Seventh Interrogatory: State where the point of collision was in the length of the channel by reference to aids to navigation.

The respondent Buckeye Steamship Company has taken exception to these interrogatories on the ground "that they are all improper in that they seek evidence which is already in the libellant's knowledge and hence could be intended only as a 'fishing expedition'."

The wording of Admiralty Rule 31, 28 U.S.C.A. following section 723, which is the rule allowing a party to propose interrogatories, is identical with the wording of Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which is the section allowing a party to propose interrogatories in a civil action. This wording was made identical in 1939, after the new Rules of Civil Procedure were adopted. The cases are not in agreement as to the interpretation to be given Admiralty Rule 31. Matter of Smith Meal Co., Inc.,[1] and Connors Marine Co. v. Peter F. Connoly, D.C., 35 F.Supp. 775, hold that, in spite of similarity of the wording of these two rules, they are not coextensive. In Great A. & P. Tea Co. v. S. S. Velox, D.C., 36 F.Supp. 929; American Mfg. Co. v. Exermont, D.C., 1 F.R.D. 574; Christiansen v. Reading Co., D.C., 35 F. Supp. 522, these rules are held to be alike in effect.

It seems to me that the reasoning in the latter cases is better. In the Great A. & P. Tea Co. v. S. S. Velox, supra, the court points out that Rule of Civil Procedure 81(a) provides that "these rules do not apply to proceedings in admiralty," but says that it does not think that this means that they shall or must not apply to admiralty. That sentence was included in the new rules merely as the recognition of

---

[1] No opinion for publication.

the lack of power in the rules committee to promulgate rules for procedure in admiralty under the Act, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c.

In American Mfg. Co. v. S. S. Exermont, supra, the court points out that varying constructions of the same result in confusion. It concludes the purpose of the change in the admiralty rule was to bring it in step with the Rules of Civil Procedure.

Adopting this construction it is necessary to see whether the interrogatories in this case are proper under Admiralty Rule 31 and Rule of Civil Procedure 33. It is well established that any interrogatory is proper which would be proper if asked the witness on the stand. This is so even though the interrogatory asks for evidence which is already within the other party's knowledge. Nichols v. Sanborn Co., D.C., 24 F.Supp. 908; Chandler v. Cutler-Hammer, Inc., D.C., 31 F. Supp. 453; Kingsway Press, Inc. v. Farrell Pub. Corp., D.C., 30 F.Supp. 775; Boysell Co. v. Hale, D.C., 30 F.Supp. 255; Landry v. O'Hara Vessels, D.C., 29 F.Supp. 423; Nakkin Patents Corp. v. Jacob Rabinowitz, D.C., 1 F.R.D. 90; Moore on Federal Practice, Chapter 33.

The interrogatories here ask for statements of fact which are entirely proper and relevant. They should be answered by the respondent.

The respondent's exceptions are overruled.