## THE ZAREMBO.

BALFOUR, GUTHRIE & CO., LTD., et al. v. The S. S. "ZAREMBO" (AMERICAN-WEST AFRICAN LINE, Inc., Claimant).

No. 16117.

District Court, E. D. New York.

April 25, 1941.

Bigham, Englar, Jones & Houston, of New York City (James N. Senecal, of New York City, of counsel), for libellants.

Hunt, Hill & Betts, of New York City (George Whitefield Betts, Jr., and Helen F. Tuohy, both of New York City, of counsel), for claimant.

MOSCOWITZ, District Judge.

The libellants have excepted to the "First", "Second", "Third", "Sixth", "Seventh", "Eighth" and "Ninth" interrogatories attached to the answer, which are as follows:

"First Interrogatory: Give the particulars of any unseaworthiness of the Steamship Zarembo, if any, which libellants claim caused or contributed to the damage to the goods, alleged in the libel.

"Second Interrogatory: Give the particulars of any lack of due diligence, if any, of the claimant, its officers or employees, or any one on its behalf, to make said vessel seaworthy and to make the holds and all other parts of the ship in which the goods were carried fit and safe for their reception, carriage and preservation, which libellants claim caused or contributed to the damage to the goods, alleged in the libel.

"Third Interrogatory: Give the particulars of any negligence or default of the claimant, its officers or employees, or any one on its behalf, if any, which libellants claim caused or contributed to the damage to the goods alleged in the libel.

"Sixth Interrogatory: Do not the Carriage of Goods by Sea Ordinances of the British Gold Coast Colony and Colony and Protectorate of Nigeria, enacted in the year 1926, contain the terms and provisions set forth in Article Twenty-Fourth of the foregoing answer? If nay, state in what respects such terms and provisions differ from those contained in said article of the answer.

"Seventh Interrogatory: Does not Article IV, paragraph 1, of the said Carriage of Goods by Sea Ordinances of the British Gold Coast Colony and Colony and Protectorate of Nigeria, enacted in the year 1926, contain the following provision: 'Neither the carrier nor the ship shall be liable for loss or damage arising or resulting from unseaworthiness unless caused by want of due diligence on the part of the carrier to make the ship seaworthy, and to secure that the ship is properly manned, equipped and supplied, and to make the holds, * * * and all other parts of the ship in which goods are carried fit and safe for their reception, carriage and preservation in accordance with the provisions of paragraph 1 of Article III.'

"If nay, state in what respect said relevant provision of said Ordinances differs therefrom.

"Eighth Interrogatory: Do not Sections 2 and 3 of the Carriage of Goods by Sea Ordinance of 1926 of said British Gold Coast Colony, contain the following provisions:

" '2. Subject to the provisions of this Ordinance, the Rules shall have effect in relation to and in connection with the carriage of goods by sea in ships carrying goods from any port in the Colony to any other port whether in or outside the Colony.'

" '3. There shall not be implied in any contract for the carriage of goods by sea to which the Rules apply any absolute undertaking by the carrier of the goods to provide a seaworthy ship.'

"If nay, how do the relevant provisions of said Ordinance differ therefrom?

"Ninth Interrogatory: Do not Sections 1 and 2 of the Carriage of Goods by Sea Ordinance of 1926 of said Colony and Protectorate of Nigeria, contain the following provisions:

" '1. Subject to the provisions of this Ordinance, the Rules shall have effect in relation to and in connection with the carriage of goods by sea in ships carrying goods from any port in Nigeria to any other port whether in or outside Nigeria.'

" '2. There shall not be implied in any contract for the carriage of goods by sea to which the Rules apply any absolute undertaking by the carrier of the goods to provide a seaworthy ship.'

"If nay, how do the relevant provisions of said Ordinance differ therefrom?"

It is stated in the libellants' reply memorandum that the exceptions to interrogatories "Sixth", "Seventh", "Eighth" and "Ninth" which call upon libellants to admit statutes of the Gold Coast Colony, will be taken care of by stipulation of the proctors.

It appears from the claimant's reply memorandum that as to these Ordinances libellants' proctors have been furnished with copies of the two statutes which show that they were printed by the Government Printer at Lagos and Accra, West Africa.

The parties should not be required to construe the statutes, that will be done by the Court on the trial.

Interrogatories "First", "Second" and "Third" call for information concerning unseaworthiness, lack of due diligence and negligence.

The libel alleges shipment in good order and condition of cocoa beans in bags on board the S. S. Zarembo in December, 1939, from two West African ports and the receipt of the cocoa beans in a damaged condition.

The answer admits the shipment of the beans and alleges an exemption from liability for damages by virtue of the conditions stated in the bills of lading and by virtue of the provisions of the United States Carriage of Goods by Sea Act and the Carriage of Goods by Sea Ordinances

of the British Gold Coast Colony and the British Colony and Protectorate of Nigeria, from whence the cocoa was shipped. The claimant alleges that it exercised due diligence in making the steamship seaworthy and that the steamship was in fact seaworthy, and further that the steamship was not at fault in any way. The claimant further alleges that the steamship encountered terrific winds and seas which caused damage including the admission of sea water into the hold wherein the cocoa beans were stowed. It is alleged with particularity that the damage caused was due to the perils of the sea.

There is no reason to limit the construction of Admiralty Rule 31, 28 U.S. C.A. following section 723, as annunciated in Christiansen v. Steamtug Bern, D.C., 35 F.Supp. 522, 1940 A.M.C. 1571 and in Great Atlantic & Pacific Tea Co. v. The Velox, D.C., 36 F.Supp. 929, 1941 A.M.C. 236. As was pointed out in Christiansen v. Steamtug Bern, supra, Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Rule 31 of the Admiralty Rules are identical, they should therefore receive the same construction. Decisions of the Court construing Admiralty Rule 31 prior to the adoption of the Federal Rules of Civil Procedure which conflict in any way with the decisions of the Court interpreting Rule 33 of the Federal Rules of Civil Procedure should be disregarded. I still adhere to the opinion expressed in Christiansen v. Steamtug Bern, supra.

Exceptions overruled.