### THE POLING BROS. NO. 6.

### Petition of CHESTER A. POLING, Inc.

### No. 16381.

District Court, E. D. New York.
May 12, 1942.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for claimants Cities Service Oil Co. and Atlas Assur. Co.

Alexander & Ash, of New York City, for petitioner.

CAMPBELL, District Judge.

Damage claimants Cities Service Oil Company and Atlas Assurance Company, except to the interrogatories propounded by the petitioner.

■■ As Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Rule 31 of the Admiralty Rules, 28 U.S.C.A. following section 723, are identical, they are entitled to the same construction, and a construction of Admiralty Rule 31 giving it less latitude than Rule 33 of the Federal Rules of Civil Procedure rendered prior to the effective date of the Federal Rules of Civil Procedure should not be considered as authority. The Christina (The Bern, Christiansen v. Reading Co.), D.C., 35 F.Supp. 522; American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F. R. D. 773; Great Atlantic & Pacific Tea Co. v. The Velox et al., D.C., 35 F.Supp. 929.

Interrogatory No. 1 allowed, except that portion thereof which requires the damage claimant to state "the date and hour thereof". Exception overruled, except as noted.

Interrogatory No. 2 disallowed as it requires the giving of the name of a witness and evidence. Exception sustained.

Interrogatory No. 3 allowed. Exception overruled.

Interrogatory No. 4 allowed. Exception overruled.

Interrogatory No. 5 allowed. Exception overruled.

Interrogatory No. 6 allowed. Exception overruled.

Interrogatory No. 7 allowed. Exception overruled.

Interrogatory No. 8 allowed. Exception overruled.

Interrogatory No. 9 allowed. Exception overruled.

Interrogatory No. 10 allowed. Exception overruled.

Interrogatories Nos. 11 and 12 are allowed, as it is contended by the petitioner that the cause of the fire is unknown, and if it is known by the damage claimants there is no reason why it should not be stated, and it is in no sense a fishing inquiry, but of course this does not impose any duty on the damage claimant to make any investigation. If the cause of the fire is not known, the damage claimants may so state.

Interrogatory No. 13 allowed, except that portion reading as follows: "and if such agreement was reduced to writing, set forth a copy of the same in answer to this interrogatory appending thereto all subsequent modifications, endorsements, etc." The information sought is to make clear the status of the claimant, but the production of the document called for should be by motion under Rule 32. Exception overruled, except as noted.

Interrogatory No. 14 allowed, except that portion required, reading as follows: "giving the particulars with respect to the number of employees so engaged, the length of time so engaged and the property and material of the Cities Service Oil Company used by them, in addition to the cost of such use." The part, so excepted, goes to the question of damages, and is premature. Exception overruled, except as noted.

Settle order on notice.