CARGO CARRIERS, Inc., v. THE PROSPECT et al.

NELSON & ELLINGSEN, Inc., v. THE CARNESEE et al.

No. 2131.

District Court, W. D. New York.

July 31, 1942.

Brown, Ely & Richards, of Buffalo, N. Y., for libellant.

Stanley & Otten, of Buffalo, N. Y., for respondents.

BURKE, District Judge.

 This is a hearing on respondent's objections to libellant's interrogatories. It brings up for consideration the scope that should be allowed to interrogatories under Admiralty Rule 31, 28 U.S.C.A. following Section 723. The rule has not been uniformly construed. One line of authorities holds that the scope of interrogatories under Admiralty Rule 31 is as broad as that of interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The Exermont, D.C., 1 F.R.D. 574; The Christina, D.C., 35 F. Supp. 522; The Velox, D.C., 36 F.Supp. 929; American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773. I do not agree and I am supported in my view by The Arthur Conners, D.C., 35 F.Supp. 775, and Citro Chemical Co. v. Bank Line, Ltd., D.C., 1 F.R.D. 638. To hold that the scope of interrogatories under Admiralty Rule 31 is as broad as that of interrogatories under Rule 33, Federal Rules of Civil Procedure, is to overlook the reason for the broad scope allowed under Rule 33, Federal Rules of Civil Procedure, and to disregard the fact that that reason is lacking to support a broad construction of Admiralty Rule 31. Text book writers and the courts in construing Rule 33, Federal Rules of Civil Procedure, have uniformly held that discovery under Rule 33 may be had with unlimited scope for the reason that under the Federal Rules of Civil Procedure there is an unlimited right to discovery by taking depositions upon oral examination or upon written interrogatories. Federal Rules of Civil Procedure, 26, 30, 31 (limited of course to matters not privileged and to relevancy). They point out the inconsistency of allowing an unlimited right to discovery by deposition on the one hand and restricting discovery under Rule 33 on the other. Moore's Federal Practice, Vol. 2, page 2616; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908; Landry v. O'Hara Vessels, D.C., 29 F.Supp. 423; Dixon v. Phifer, D.C., 30 F. Supp. 627; Kingsway Press v. Farrell Pub. Corp., D.C., 30 F.Supp. 775; Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453; Dunleer Co. v. Minter Homes Corp, D.C., 33 F.Supp. 242. But the Federal Rules of Civil Procedure do not apply to proceedings in Admiralty. Federal Rules of Civil Procedure, 81(a). To adopt for Admiralty Rule 31 the construction given to Federal Rules of Civil Procedure 33 is to give expression to a judicial desire that the rules regarding discovery in admiralty should conform to the Federal Rules of Civil Procedure. However desirable that may be it is not for the district courts to make the change.

 The purposes of interrogatories in admiralty are to amplify the pleadings of an adversary, to discover the nature of his claim or defense and to obtain evidence to support the claim or defense of the interrogating party. They may not be used to cross-examine an adversary nor to explore into the evidence he may use in support of his own case. Jensen v. Sinclair Navigation Co., D.C., 58 F.2d 407 and authorities there cited.

Respondents' objections to libellant's interrogatories numbered 1st, 3rd, 4th, 7th and 8th are overruled and objections to interrogatories numbered 2nd, 5th, 6th, 9th and 10th are sustained.