## THE EROS.

## THE BRATTON.

## WARDEN v. THE BRATTON.

District Court, S. D. New York.
Oct. 28, 1942.

Bigham, Englar, Jones & Houston, of New York City (James J. Donahue, of New York City, of counsel), for libellant.

Foley & Martin, of New York City, for respondent.

MANDELBAUM, District Judge.

The claimant-respondent has excepted to twenty-five interrogatories propounded by the libelant, and the libelant has moved for an order directing the claimant-respondent under Rule 32 of the Admiralty Rules, 28 U.S.C.A. following section 723, to produce a copy of the log of the tug "Bratton" covering June 7th, 1941, and copies of all reports, statements or memoranda covering the towing of the "Eros" on June 7th, 1941.

This action is brought by libelant, as owner of the Houseboat "Eros", against the Tug "Bratton" and the Raymond Marine Towing Company for damages sustained by the Houseboat "Eros" arising out of negligent towing of the houseboat by the tug "Bratton".

The libelant has propounded twenty-five interrogatories to the Raymond Marine Towing Company as claimant-respondent, and all of these are aimed to secure information as to what happened during the course of the tow. The claimant-respondent has excepted to each of them on the ground that it seeks to elicit matter not proper subject matter for interrogatories.

It is conceded that the libelant's action is one in negligence and that the libelant cannot rely upon a case of bailment; the burden of proving negligence on the part of the tower is that of the owner of the towed vessel. Stevens v. White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699.

I have previously expressed my opinion that " * * * the discovery of the truth in a suit in admiralty is just as much the purpose of the admiralty rules of practice and procedure as it is of the Federal Rules of Civil Procedure in civil actions, and I cannot see that the limitation of discovery by way of interrogatories to those issues upon which the interrogating party has the burden of proof will aid this purpose". American Mfg. Co. v. Ex-

42

ermont, D.C., 1 F.R.D. 574, 575. Although this view has received some criticism, the majority of the more recent opinions seem to be in accord. See Great Atlantic & Pacific Tea Co. v. The Velox, D.C., 36 F. Supp. 929, 930; American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773. Probably the most recent expression in the matter is found in Petition of Chester A. Poling, Inc., D.C., 2 F.R.D. 336, where Campbell, D. J. said, "As Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and Rule 31 of the Admiralty Rules, 28 U.S.C.A. following section 723, are identical, they are entitled to the same construction, and a construction of Admiralty Rule 31 giving it less latitude than Rule 33 of the Federal Rules of Civil Procedure rendered prior to the effective date of the Federal Rules of Civil Procedure should not be considered as authority. [Citing cases]."

In view of the liberal interpretation accorded both Rules, I find that all interrogatories propounded, except for interrogatories numbered "11" and "12" are relevant and proper, and I find no merit in the exceptions.

Interrogatories numbered "11" and "12" seek copies of the same log, statements and memoranda as have been sought by the libelant's present motion under Admiralty Rule 32. Without deciding that Admiralty Rule 31 will not permit the granting of these documents, I sustain the exceptions to those two interrogatories, but grant the libelant's motion for the same instruments under Admiralty Rule 32. See Petition of Chester A. Poling, Inc., supra.