## THE RAPHAEL SEMMES.

## AMERICAN FAR EASTERN SYNDICATE, Inc., v. THE RAPHAEL SEMMES et al.

District Court, S. D. New York.

Oct. 28, 1942.

Hill, Rivkins & Middleton, of New York City (William J. Tillinghast, Jr., of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Michael F. Whalen and John F. X. McKiernan, both of New York City, of counsel), for respondent States Marine Corporation.

MANDELBAUM, District Judge.

The libelant herein has excepted to certain interrogatories propounded to it by the respondent, States Marine Corporation. Counsel have agreed that the libelant will answer interrogatories numbered 4, 7, 8, 9, 12, 13 and 23 and that interrogatory 5 is withdrawn. The remainder of the original twenty-three interrogatories has been presented to this court for consideration.

The libelant has brought suit against the vessel, Raphael Semmes, the Waterman Steamship Corporation, owner of the vessel and the States Marine Corporation, charterer of the vessel, to recover for alleged damages to a shipment of acetic acid carried by the S. S. Raphael Semmes from New York City during the approximate period June 6th, 1940, to August 20th, 1940. The libel alleges that the respondent, States Marine Corporation, was a common carrier of merchandise by water for hire, and that the acetic acid in question was delivered to it in good order and condition and was discharged short, leaking and otherwise damaged.

I have held (American Mfg. Co. v. Exermont, D.C., 1 F.R.D. 574) and the more recent opinions in this circuit have been in accord that Admiralty Rule 31, 28 U.S.C.A. following section 723, should receive the same broad interpretation which has been accorded Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. fol-

lowing section 723c, after which it is styled. Great Atlantic & Pacific Tea Co. v. The Velox, D.C., 36 F.Supp. 929; American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F. R.D. 773; Petition of Chester A. Poling, Inc., D.C., 2 F.R.D. 336. This permits the interrogatories to be directed to relevant matters upon which the party interrogated has the burden of proof as well as to matters which form part of the inquirer's case. See American Mfg. Co. v. Exermont, supra. And it is no valid criticism of the interrogatory that it seeks information which is already within the questioner's knowledge. See American S. S. Co. v. Buckeye S. S. Co., supra, 1 F.R.D. 774. Likewise, it is not a basis for exception that the party interrogated lacks knowledge sufficient to answer the question. The inquiry remains a proper one and the party may, if such be the case, state that he is unable to supply the information required. Although, ordinarily, the names of the opposition's witnesses are not valid subjects of interrogation, these may be incidentally learned if they are an integral part of the facts and circumstances of a transaction in question in that the witnesses had a function in such transaction. See Prince Line v. Mayer & Lage, 264 F. 856.

However, there is a definite limit as to how far the interrogator may be permitted to go. Matters which are not relevant to the issues pleaded should not be permitted to be the subject of interrogatories. In such circumstances, they do not assist in preparation for trial but merely work oppression. Therefore, I sustain the exceptions to interrogatories numbered 3 and 10.