**PATTERSON OIL TERMINALS, Inc., v. CHARLES KURZ & CO., Inc., et al.**

Civil Action No. 4098.

District Court, E. D. Pennsylvania.
June 28, 1945.

Howard M. Long, of Philadelphia, Pa., for plaintiff.

John B. Shaw, of Krusen, Evans and Shaw, all of Philadelphia, Pa., for Chas. Kurz & Co.

Harrison G. Kildare, of Rawle & Henderson, all of Philadelphia, Pa., for P. F. Martin, Inc. and Martug Towing Co.

BARD, District Judge.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defendants Martug Towing Company and P. F. Martin, Inc. propounded interrogatories to defendant Charles Kurz & Co., Inc., to which objections have been filed.

Interrogatories five, six, and a portion of seventeen are objected to by defendant Kurz as irrelevant and immaterial to the issues involved. The fifth and sixth interrogatories inquire whether defendant Kurz received a copy of the standard towing contract issued by Martug or P. F. Martin, Inc., prior to the oral agreement for towing services and whether Kurz rejected or modified a pilotage clause in that standard contract prior to the oral agreement. The portion of the seventeenth interrogatory to which objection is taken asks when, where, and by whom the anchor, anchor chain, and related machinery and gear of the Steamship "Gaines Mill" had last been inspected before the accident.

It is sometimes difficult to determine from the pleadings all of the issues which will be developed at trial. The answers to interrogatories are not considered evidence until offered, as such, at trial. Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C., 30 F. Supp. 275. If it appears that the answer is not material or relevant, it can be excluded upon proper objection at that time. This procedure is better as a general rule than to deny the interrogatory and subsequently find that it would in fact have called for material and relevant evidence. The interrogatories relate to facts which the propounder seeks to offer as a defense to the action and the answers will not prejudice the interrogatee, since he will have the opportunity to object to the question at trial and have it excluded if the Court determines it to be irrelevant. The objections to the fifth, sixth and the last portion of the seventeenth interrogatories are overruled.

Objections to the eighth to the fifteenth interrogatories inclusive are taken on the ground that the interrogators have the best knowledge and source of information as to the questions propounded. These interrogatories concern the acts of the employees of the interrogators (Martug and P. F. Martin), the movements of tugs owned by the interrogators, and events occurring in the presence of employees of the interrogators.

One of the purposes of Rule 33 is to obtain pretrial admissions and thereby limit the points of fact in controversy. Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453. Under the present rule the interrogator may now seek facts relating to his adversary's case, Nichols v. Sanborn Co., D.C., 24 F.Supp. 908, and is not limited to facts which are exclusively or peculiarly within the knowledge of the opponent. This is true even where the interrogator has at his disposal an adequate, or even better, source of information. American Steamship Co. v. Buckeye Steamship Co., D.C., 1 F.R.D. 773, A.M.C. 755 (1941); Chandler v. Cutler-Hammer, Inc., supra; Nichols v. Sanborn Co., supra. Although the interrogator may have the better source of information, it is not unfair to require that his opponent answer the interrogatories in question to the best of his ability so that the questions of fact may be reduced to a minimum before trial. The objections to interrogatories eight to fifteen inclusive are overruled.