## THE J. L. JR.

## THE HARRY R. CONNERS.
## THE RUSSELL NO. 3.
### No. 17194.

District Court, E. D. New York.

Oct. 26, 1945.

Purdy & Lamb, of New York City, for claimant-petitioner (for the motion).

Alexander & Ash, of New York City, for claimant-impleaded (opposed).

KENNEDY, District Judge.

The libel (in rem) alleges a cause of collision on April 28, 1944, between the libelant's scow and the tug Russell 3. At that time the scow was in tow of claimant's tug Harry R. Conners. The tug Russell 3 was impleaded by the Harry R. Conners and her claimant now asks that Standard Towing Corporation answer interrogatories calculated to elicit the distance between the Harry R. Conners and the tail-end of the tow of Russell 3 at the time the stem of the

Harry R. Conners passed the tail-end of the tow of Russell 3, and also the speed of the Harry R. Conners over the ground at that time, and the apparent or estimated speed of Russell 3 at that time. The Standard Towing Corporation excepts to the interrogatories.

The respondent says in support of its exceptions that under Coronet Phosphate Co. v. United States Shipping Co., D.C.S.D. N.Y., 1917, 260 F. 846, a party may not by means of interrogatories pry into his adversary's case. Judge Learned Hand in that case observed that interrogatories have two legitimate purposes: (1) To amplify the pleadings of the party interrogated, and (2) to elicit evidence to support the case of the party interrogating. I do not believe that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have broadened the scope and use of interrogatories, The Arthur Conners, D.C.S.D.N.Y., 1940, 35 F.Supp. 775; Cargo Carriers, Inc., v. The Prospect, D.C.W.D.N.Y., 1942, 2 F.R.D. 519, and therefore the applicable rules are those laid down in the Coronet Phosphate case. I am not able to say, however, the information sought to be elicited by the interrogatories under consideration could not support the defense which will be urged by Russell 3 and her owner. It seems to me inadvisable to sustain exceptions to interrogatories on the ground that they possibly constitute a "fishing expedition"; it should be manifest that they do. In other words, I believe that interrogatories ought to be given the benefit of the doubt, if there is any.

The exceptions are overruled. Submit order.