**FINLAY v. THE EVELETH.**
No. A–17383.

District Court, E. D. New York.
Dec. 13, 1945.

Purdy & Lamb, of New York City (Thomas J. Irving, of New York City, of counsel), for libellant.

Mahar & Mason, of New York City (Joseph M. Meehan, of New York City, of counsel), for claimant-respondent.

MOSCOWITZ, District Judge.

The libellant has excepted to interrogatories Third, Fourth, Eighth, Ninth and Tenth, propounded by the claimant-respondent. They are as follows:

"Third: State the date when and the name of the party from whom the libellant acquired the said barge and the purchase price paid therefor.

"Fourth: State the date and place when and where the tank was installed on the deck of the said oil barge and the name of the party who made such installation.

"Eighth: State the place or places where during the period of six months or more prior to April 29th, 1943 where the said barge was moored and whether or not such mooring place was of sufficient depth to permit the barge to remain afloat at all times.

"Ninth: State whether or not during the period of six months or more prior to April 29th, 1943, or during any portion of said period the said barge was tied up at a place where it rested on a bank, and if so,

state the nature of the bottom where the barge was so lying.

"Tenth: Attach to your answers to these interrogatories true and complete copies of each and every survey of damage, repair bill, book or record of account and reports showing the nature and kind of repairs required to be made and those which were made on the said barge and their costs and any other record or paper in any manner relating to repairs, renewals or replacements made on the barge during the period of three years prior to April 29th, 1943."

Libellant contends that the wooden oil tank barge, which it claims was damaged by claimant-respondent, was seaworthy. The claimant-respondent in his answer affirmatively alleges that the barge was unseaworthy. This is an issue to be tried. The interrogatories relate to whether the barge was seaworthy. The matters requested in the interrogatories will be pertinent upon the trial.

The sole question for consideration is, whether Admiralty Rule 31, 28 U.S.C.A. following section 723, should be as liberally construed as Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The language of Rule 33 of the Federal Rules of Civil Procedure and Rule 31 of the Admiralty Rules is identical. This Court had occasion to point out in Christiansen v. Reading Co., D.C., 35 F.Supp. 522, that Rule 33 of the Federal Rules of Civil Procedure and Rule 31 of the Admiralty Rules should be construed alike. In addition to Christiansen v. Reading Co., supra, references have been made in the briefs to the following cases: Conners Marine Co., Inc. v. Peter F. Connolly Co., Inc., D.C., 35 F.Supp. 775; Cargo Carriers, Inc. v. The Prospect, D.C., 2 F.R.D. 519; Citro Chemical Co. v. Bank Line Limited, D.C., 1 F.R.D. 638; In re Curtis Bay Towing Co. of Pennsylvania, D.C., 58 F.Supp. 303; Coronet Phosphate Co. v. United States Shipping Co., D.C., 260 F. 846; The Harry R. Conners, D.C. E.D.N.Y., 64 F.Supp. 185 by Kennedy, J.; The Exermont, D.C., 1 F.R.D. 574; The Zarembo, D.C., 1 F.R.D. 739; American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773; The Poling Bros. No. 6, D.C., 2 F.R.D. 366; The Eros, D.C., 3 F.R.D. 40; The Raphael Semmes, D.C., 3 F.R.D. 71.

There appears to be a difference of opinion among the district judges. It is hoped that in some manner this question, which is important, will be presented to the Circuit Court of Appeals and determined by it.

The case of Hickman v. Taylor, D.C., 4 F.R.D. 479, 1945 A.M.C. 1055, in which the opinion was written by Judge Kirkpatrick (the Court sitting en banc), to which the Court called attention upon the argument of this motion, is of great interest to the legal profession and is believed to be good law. While it is true that that was a civil action and did not deal with the question here and was not as in the matter at bar, a suit in admiralty, nevertheless it indicates the trend of the courts in the liberal policy they have pursued. The Court permitted one party to obtain statements taken by the adversary's attorney. There is no reason why an admiralty rule should be less liberally construed than a rule of civil procedure.

For the reasons stated in Christiansen v. Reading Co., supra, the exceptions to the interrogatories will be overruled.

Settle order on notice.