## THE MURRAY DELL.

### MURRAY TRANSP. CO. v. PENNSYLVANIA R. CO. et al.

### No. A 17688.

District Court, E. D. New York.

May 6, 1946.

Foley & Martin, of New York City (Louis J. Lawrence, of New York City, of counsel), for libellant.

Burlingham, Veeder, Clark & Hupper, of New York City (James J. Conran, of New York City, of counsel), for respondent Pennsylvania R. Co.

MOSCOWITZ, District Judge.

The libelant has excepted to interrogatories propounded by the respondent, The Pennsylvania Railroad Company. The interrogatories are as follows:

"1. Is it not a fact that the damage for which the within suit is brought was sustained on February 15, 1944?

"2. Is it not a fact that the captain of barge MURRAY DELL was on board said barge on February 15, 1944?

"3. Did the captain of barge MURRAY DELL report any damage that was sustained on February 15, 1944?

".4. Is it not a fact that the captain of barge MURRAY DELL reported that on February 15, 1944 said barge sustained damage while lying on the south side of Pier 5, Brooklyn, while being unloaded by derrick COMMODORE?

"5. Is it not a fact that said captain reported that the damage was caused by the derrick COMMODORE?"

Murray Transportation Company, libellant, as managing operator of barge

Murray Dell, filed a libel in this court on November 19, 1945 for damages to the barge against the respondent, Pennsylvania Railroad Company, alleging that the libellant had chartered the barge to the Pennsylvania Railroad Company under a charter party by which the Pennsylvania Railroad Company agreed to return the barge to the libellant in as good order and condition as when taken, ordinary wear and tear excepted, and that respondent redelivered said barge in a damaged condition.

The Pennsylvania Railroad Company in its answer admitted that it returned the barge in a damaged condition and alleged that the damage occurred on February 15, 1944 due to the negligence of the respondent-impleaded Merritt-Chapman and Scott Corporation.

Admiralty Rule 31, 28 U.S.C.A. following section 723, and Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, being identical should be construed alike. There seems to be no reason to change the rule stated in The Christina, D.C., 35 F.Supp. 522. In an admiralty case even though a party may not have the affirmative burden he should be permitted discovery and inspection.

Exceptions overruled. Settle order on notice.