## KHEDOURI v. THE ARAM J. POTHIER et al.

United States District Court
S. D. New York.
Feb. 9, 1951.

538

Hill, Rivkins & Middleton, New York City, Joseph T. McGowan and Mark T. Walsh, New York City, advocates, for libelant.

Kirlin Campbell & Keating, New York City, L. de Grove Potter and James J. Higgins, New York City, of counsel, for respondent.

WEINFELD, District Judge.

Libelant has excepted to interrogatories in this admiralty suit for damage to cargo. The exceptions fall into three categories: A general exception that the interrogatories are overly burdensome, oppressive and irrelevant; that certain of them seek information on matters as to which libelant has the burden of proof; that respondent is estopped from inquiring as to the condition and preshipment history of the articles. Interrogatories 27(f), 28(g) and that part of 29 which demands the production of documents have been withdrawn by respondent, and libelant has withdrawn his objections to interrogatories 13, 14 and 22.

No substantial reasons have been advanced in support of the general objection other than the conclusory statement that the interrogatories are repetitious, oppressive and irrelevant. In the absence of any showing that they are burdensome, the general objection is overruled.

Libelant contends that since this is a suit in admiralty, he is not required to furnish information concerning matters on which he has the burden of proof. Such was the rule at one time. Coronet Phosphate Co. v. U. S. Shipping Co., D.C., 260 F. 846. However, effective September 1st, 1939, Admiralty Rule 31, 28 U.S.C.A., was recast in terms identical to its counterpart, Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. After this amendment the Courts differed on the question whether the two rules should be similarly construed, some Courts holding that the scope of interrogatories in admiralty remained, as before, limited to matters on which the interrogating party had the burden of proof. The Arthur Connors, D.C., 35 F.Supp. 775; Cargo Carriers, Inc. v. The Prospect, D.C., 2 F.R.D. 519; The Harry R. Conners, D.C., 64 F.Supp. 185. The majority view has been that the scope of Admiralty Rule 31 is the same as that of Civil Rule 33, permitting inquiry into matters relevant to the subject matter of the action regardless of burden of proof. The Exermont, D.C., 1 F.R.D. 574; The Velox, D.C., 36 F.Supp. 929; American S.S. Co. v. Buckeye S.S. Co., D.C., 1 F.R.D. 773; The Poling Bros. No. 6, D.C., 2 F.R.D. 336; The Eros, D.C., 3 F.R.D. 40; The Raphael Semmes, D.C., 3 F.R.D. 71.

Since the above cases were decided, Civil Rule 33 was amended, effective March 19th, 1948, making the scope of interrogatories identical to that of depositions under Civil Rule 26(b) and allowing the interrogating party to propound interrogatories as to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party". This addition was in no sense a change, but a codification of the generally prevailing decisional rule. See Notes of the Advisory Committee on Rules, and 4 Moore's Federal Practice, p. 2290 (Second Ed., 1950). Although Admiralty Rule 31 has not been so amended, it is still the rule that it is to be construed in harmony with Civil Rule 33. Cleary Bros. v. Christie Scow Corp.,

2 Cir., 176 F.2d 370; Standard Marine Insurance Co. v. American Export Lines, 1950 A.M.C. 326. "As we understand Civil Procedure Rule 33 and Admiralty Rule 31 a party is entitled as of right to compel his adversary to make a full disclosure of all of the facts which the latter has learned which are relevant to the subject matter of the pending action and unprivileged, including information as to relevant statements and other documents in his control * * *." Alltmont v. U. S., 3 Cir., 177 F.2d 971, 978. Thus the burden of proof test no longer governs.

Libelant also contends that respondent is estopped from inquiry into the preshipment history of the articles on the ground that the bills of lading issued recite that respondent received them in apparent good condition. Since respondent, in its answer, concedes only the "outward apparent good order and condition", respondent is entitled to information as to the preshipment history and condition of the goods prior to delivery for shipment. Such inquiry may not go beyond the time when the goods were finally packed for shipment.

The exceptions to interrogatories 1 through 12 are overruled; the matters are relevant to the subject matter and to the issues formulated by the pleadings. Interrogatories 16, 17, 23, 24 and 25, relating to packing, interrogatories 15 and 18 as to storage, interrogatory 19 as to transportation, interrogatories 20 and 21 as to preshipment condition, interrogatory 26, concerning time of delivery to respondent, interrogatories 27, 28 and 29, as to inspections, are allowed, limited, however, to the period immediately preceding delivery to the carrier. These interrogatories seek information as to the preshipment condition of the articles. Since libelant must prove that they were in good condition when delivered to the carrier, information prior to the period indicated would not be relevant. Interrogatories 30, 31 and 34, relating to the condition after delivery by respondent to libelant, are proper. Interrogatory 33 is disallowed as repetitious of 30(b). Interrogatories 32, 35 and 36, asking whether a surveyor stated that

the damage "was not of recent origin" are proper; such statements are relevant and may lead to the discovery of evidence. Kendall v. United Air Lines, Inc., D.C., 9 F.R.D. 703.

Settle order on notice.