**DRUM v. TOWN OF TONAWANDA et al.**

No. 5043.

United States District Court
W. D. New York.

Dec. 18, 1952.

William J. Flynn, Buffalo, N. Y., William J. Flynn, Jr., Buffalo, N. Y., of counsel, for plaintiff.

Smith, Miller, Murphy & Roberts, Buffalo, N. Y., James R. Ulsh, Buffalo, N. Y., of counsel, for defendant Town of Tonawanda, N. Y.

KNIGHT, Chief Judge.

Plaintiff has moved for an order compelling defendant Town of Tonawanda properly to comply with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A., by answering certain interrogatories, or, in the alternative, for an order striking the answer of said defendant and granting judgment to plaintiff.

At the outset it may be stated that interrogatories serve two separate and distinct purposes: To ascertain facts and to narrow the issues. With the first function we are familiar. The second function may be attained by exacting admissions or obtaining commitments as to the position that an adverse party takes as to issues of fact. Aktiebolaget Vargos v. Clark, D.C., 8 F.R. D. 635.

On the oral argument it was conceded that defendant's answers sought to the unanswered interrogatories are all contained in depositions. Plaintiff stated that if defendant will consent to the introduction of so much of the depositions as contain such answers, without objection, plaintiff will be satisfied; that otherwise plaintiff would be compelled to expend money unnecessarily in subpoenaing and having in Court at the trial those witnesses who are members of defendant's police department and who

are under its control, and whose testimony is already known to defendants.

No objection has been made by defendant that the interrogatories are improper. Defendant contends that plaintiff has all of the information and therefore is not entitled to its duplication by direct answers to the unanswered interrogatories.

 Under Rule 26, Federal Rules of Civil Procedure, the defendant, though a municipal corporation, is required to comply with the rule and give answers to interrogatories. Joy Mfg. Co. v. City of New York, D.C., 30 F.Supp. 403. Of course, the deposition of a person may be used to impeach his testimony upon the trial. Lewis v. United Air Lines Transport Corporation, D.C., 27 F.Supp. 946; Federal Rules of Civil Procedure, Rule 26(d)(1). The right to take depositions may be said to be unrestricted but there are very definite restrictions on the right to use depositions. See Rule 26, supra. No basis for plaintiff to offer the depositions of defendant's witnesses, without their presence at the trial, seems to be available here.

 Plaintiff contends that answers to the unanswered interrogatories will disclose nothing presently unknown to plaintiff and defendant through the depositions but the answers sought will shorten the trial and make certain that witnesses under control of defendant will not have to be subpoenaed by plaintiff and be in Court at the trial thereby creating unnecessary expense. With these contentions the Court is in accord. Otherwise the Rules of Civil Procedure, Rules 26–37, will have lost much of the effectiveness which their adoption was intended to provide.

The Court said in Bowles v. Safeway Stores, D.C., 4 F.R.D. 469, 470:

"It is no objection to interrogatories propounded under Rule 33, supra, that the information sought is within the knowledge of the interrogating party. (Citing cases.) The purpose of interrogatories, under Rule 33, is to obtain admissions from the adversary, thereby limiting matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court. The intent of said rule is that both parties have the same information, why compel formal proof to be made of things within their joint knowledge".

And see Nakken Patents Corporation v. Rabinowitz, D.C., 1 F.R.D. 90, 92; American, S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773; Nichols v. Sanborn Co., D. C., 24 F.Supp. 908; American Far Eastern Syndicate, Inc. v. The Raphael Semmes, D.C., 3 F.R.D. 71; Patterson Oil Terminals v. Charles Kurz & Co., D.C., 7 F.R.D. 250; Onofrio v American Beauty Macaroni Co., D.C., 11 F.R.D. 181.

The contention of the defendant in its answers to interrogatories filed, in its brief and upon the oral argument that it has "no officer or agent who has knowledge sufficient to furnish the information called for with respect to these interrogatories" is an avoidance of the obvious. If defendant, upon the trial, is to establish a defense known only to its policemen who are neither its officers or agents, those same persons are its witnesses for such purpose. Those witnesses might not have authority to bind the defendant with respect to its answers to the interrogatories but the knowledge of defendant's controlled employees is the knowledge of defendant's officers for the purpose of making such answers. The source of knowledge of defendant's officers is beside the point.

In Waider v. Chicago, R. I. & P. Ry. Co., D.C., 10 F.R.D. 263, 265, the Court said:

"Rule 33, * * * was amended * * * the clear purpose of which was to prevent a corporate defendant or officer thereof from circumventing the plain import of the discovery mechanism by responding to any given interrogatory to the effect that he had no personal knowledge of the subject matter of the interrogatory."

Plaintiff's motion is granted to the extent that defendant Town of Tonawanda should answer the unanswered interrogatories numbered 3, 4, 6, 7, 8, 9 and 10, dated October 31, 1952, and filed by plaintiff November 5, 1952.