## THE PORT COVINGTON.

**Petition of CURTIS BAY TOWING CO. OF PENNSYLVANIA.**

No. 47 of 1942.

District Court, E. D. Pennsylvania.

Oct. 3, 1944.

Rawle & Henderson, by George M. Brodhead, Jr., all of Philadelphia, Pa., for petitioner.

Freedman & Goldstein, by Abraham E. Freedman, all of Philadelphia, Pa., for claimant.

KALODNER, District Judge.

Petitioner, the Curtis Bay Towing Company of Pennsylvania, has filed exceptions to the Report and Supplemental Report of the Special Commissioner in a proceeding to limit liability begun under Revised Statutes, Sections 4283–4285, as amended, 46 U.S.C.A. §§ 183–185. The substance of petitioner's exceptions is that the Special Commissioner erred in finding that one Frank

J. Bradley did not qualify as an expert and that one Charles T. Banks did qualify as an expert; that he erred in considering repairs and renewals in ascertaining the value of the tugs in controversy, and in admitting into evidence the amount of tonnage handled by the Port of Philadelphia; that he erred in using the word "accident" on page two of his report; that he erred in finding a market value of $25,000 for each of the two tugs involved; and finally, that he erred in requesting a fee of $1250 and in not suggesting and recommending that stenographic and advertising costs be taxed as part of the costs.

A brief history of the case is as follows:

On April 17, 1942, Roberta B. Conwell, as administratrix of the estate of Joseph P. Conwell, instituted a civil action in the District Court against The Curtis Bay Towing Company of Pennsylvania, to recover damages alleged to have been sustained by her by reason of the death of her husband, Joseph P. Conwell, on February 21, 1942, while boarding the Tug Port Covington, which was tied up alongside the Tug Curtis Bay, which was in turn moored to Pier 28 South.

The Curtis Bay Towing Company of Pennsylvania on or about July 15, 1942, filed a petition for exemption from and limitation of liability as owner of the Tug Port Covington, entered an ad interim stipulation, and obtained a restraining order staying and restraining further proceedings in the aforesaid civil action, pending the disposition of claims in said limitation proceeding.

The administratrix filed exceptions to the limitation petition and as a result thereof the petitioner was required to surrender or stipulate for the Tug Curtis Bay and to amend the petition in other respects.

Thereafter the petitioner filed an amended petition as owner of the Tugs Port Covington and Curtis Bay, entered an ad interim stipulation in the amount of $20,000 ($10,000 for each tug) and obtained a restraining order staying further proceedings. The case was then referred to Manuel Sidkoff, as Special Commissioner, to take proofs and report to the Court his conclusion as to the amount or value of petitioner's interest in Tugs Port Covington and Curtis Bay as of February 21, 1942.

Hearings were held before the Special Commissioner on March 17, 22, 24 and 29, 1943, and on August 24, 1943.

The petitioner produced Mr. Frank J. Bradley, Marine Superintendent of P. F. Martin and Sheridan Transportation Company since 1907. Mr. Bradley had appraised the two tugs in October, 1942, at a value of $10,000 each, and testified that in his opinion such was their value on February 21, 1942, if they were in the same condition on that date as when he appraised them in October, ordinary wear and tear excepted.

Petitioner also produced Mr. O. C. Chapman, a naval architect and consulting engineer, who having acted as ship, boat and tug broker for a great number of years, had made surveys and appraisals. Mr. Chapman appraised the two tugs on October 20, 1942, the same date as Mr. Bradley, and was of the opinion that the two tugs were of a market value of $10,000 each if they were in the same condition, ordinary wear and tear excepted, on February 21, 1942, as on October 20, 1942.

The petitioner also produced Mr. Richard J. Ponds, the Marine Superintendent of the petitioner, who testified that he had seen the two tugs practically every week during the interval between February 21, 1942, and October 20, 1942, and that the two tugs were in the same condition, ordinary wear and tear excepted, on October 20, 1942, as they were on February 21, 1942.

The claimant produced Mr. Charles T. Banks, who had been engaged by himself since 1937 in the towing business, trading as Charles T. Banks Towing Line, and who, prior thereto, had been generally engaged as a Marine Captain on the river. He appraised the two tugs at a value of $30,000 each.

At the hearings, the claimant, over objection of petitioner, introduced into evidence the detailed list of repairs and renewals made to the Tugs Port Covington and Curtis Bay, as set forth in the answers to the eighth and twenty-third interrogatories which the petitioner had prior thereto been required to answer. The claimant also introduced into evidence, subject to objection, a list of domestic and foreign tonnage handled annually at the Port of Philadelphia, as computed by the United States Army Engineers for the years 1920 to 1941, inclusive.

The Special Commissioner filed his report on January 7, 1944, in which, after a review of the testimony produced before him, he found that there was a market value for tugs in February, 1942, and that the fair market value of the petitioner's interest in the Tugs Port Covington and Curtis Bay on February 21, 1942, was the sum of $25,000 each.

The petitioner filed exceptions to the report but thereafter the Special Commissioner filed a supplemental report dismissing the exceptions for the reasons originally stated in his first report.

■ Taking first the petitioner's objections with respect to qualification of the experts, I find that the record supports the Commissioner's rulings. Mr. Bradley's testimony, on cross-examination, reveals that he was not familiar with the sale of tugs, and that prior to the instant case, he had never appraised a vessel, although he had examined vessels and reported on their condition. Mr. Banks, on the other hand, had for a long time been engaged as a tug captain, and since 1937 has been engaged in the Marine Towing business, operating as the Charles T. Banks Towing Line. Furthermore, he has purchased three tugs, one as late as February, 1941, and has kept himself fully informed as to market conditions, prices, etc.

■ Second, with respect to the Commissioner's determination of the value of the two tugs, I am of the opinion that such determination was made in accordance with the standards set out in the leading case of Standard Oil Co. v. Southern Pacific Co., 1925, 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed 890. Furthermore, I am of the opinion that the testimony of Mr. Chapman, the expert witness for petitioner, was carefully considered and properly weighed.

■ Third, as to liability for the costs of the limitation proceedings, the cases fully support the proposition that the petitioner bears that burden. 3 Benedict, Admiralty (6th Ed., 1940) Section 531, and note 55. It is true, as petitioner points out, that under certain circumstances the court may rule otherwise, but the facts of this matter do not warrant variation from the usual procedure.

■ Fourth, I am of the opinion the Commissioner did not commit harmful error in using the word "accident" on page two of his report. The sole issue before the Commissioner was the value of the two tugs, Port Covington and Curtis Bay. The use of the word "accident" cannot and should not in the slightest degree prejudice any right or privilege of petitioner in the civil action of Roberta B. Conwell, administratrix, against the Curtis Bay Towing Company.

It should be noted here the typographical errors on page seven of the Report, where it is stated that Mr. Banks valued Tug Port *Coverington* at $30,000, and Tug Curtis Bay at *$20,000*. The record reveals the name of the tug is Port Covington, and that Mr. Banks estimated the value of both tugs at $30,000.

■. Upon consideration of the record I am of the opinion that $1,000 would be an adequate allowance as the Special Commissioner's fee for his services.

An order may be submitted in accordance with this opinion.