### In re CURTIS BAY TOWING CO. OF PENNSYLVANIA.

#### No. 47.

District Court, E. D. Pennsylvania.

Dec. 26, 1944.

See, also, 57 F.Supp. 114.

Freedman & Goldstein, of Philadelphia, Pa., for claimant.

Rawle & Henderson, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

Pursuant to Admiralty Rule 31, 28 U.S.C.A. following section 723, claimant has filed interrogatories which are brought to the attention of the Court upon exceptions by the petitioner.

Claimant, administratrix of the estate of Joseph P. Conwell, instituted civil action against the petitioner, Curtis Bay Towing Company, to recover damages alleged to have been suffered by her by reason of the death of her husband, Joseph P. Conwell. Curtis Bay filed a petition for exemption from and limitation of liability and succeeded in restraining the civil action, and the case was referred to a Special Commissioner to appraise the two tugs involved and to receive claims. The Commissioner's report finding the value of the tugs was approved, with minor exceptions, by me in an opinion reported in 57 F.Supp. 114 (October 3, 1944).

The general objection to the interrogatories is that they are "numerous, burdensome and vexatious"; the specific objection made to almost every question propounded is that it is immaterial and irrelevant, and some questions are objected to on the additional ground of calling for opinion. Since the interrogatories are indeed many, and in view of the nature of the objections, the matter may be disposed of without discussion.

Objections to the following interrogatories are sustained: Nos. 3(c), 3(d), 3(e), 3(f); 4(f), 4(k) to 4(k)(4), inclusive; 6(b), 6(c), 6(e); 12; 13(a), 13(c) (2), 13 (d), 13(h), 13(i); 15(b) and 15(c).

Objections to Nos. 3, 6(f) and 8 are sustained as to everything following the first sentence in each.

In No. 3(g) the following words may be stricken: "of your tugboats or were in any way concerned therewith, and in particular".

In No. 4(d) the following words may be stricken: "and until her departure, giving date and hour of her departure".

Objection to No. 4(e) is sustained as to everything following the words "Curtis Bay".

Objection to No. 4(j) is sustained as to the words "icy, slippery, dry or otherwise". The words "covered with ice" may be substituted.

Objection sustained to the words "slippery surfaces" wherever they are used in No. 11.

Objection to No. 13(g) sustained except as to that part which seeks a statement as to when the deck of the Curtis Bay was last cleaned prior to Conwell's fall into the water.

Objection to No. 14 sustained as to that part which requires exact copies.

The rulings with respect to Nos. 14 and 15(b) and 15(c) are without prejudice to motion under Admiralty Rule 32, 28 U.S.C.A. following section 723.

Objections to all other interrogatories are overruled.

It may be noted here that the instant case pushes hard on the line between proper and improper use of Admiralty Rule 31. The fact that interrogatories are numerous is in itself a fault. Further, many are repetitious and cumbersome.

At the argument, counsel for the claimant contended that interrogatories may be permitted to take on the full scope of such cross-examination as may be permissible at the trial.

I cannot subscribe to that contention. To do so would be to subject the courts to an intolerable burden in passing upon exceptions to interrogatories of such a nature. For example, while the present interrogatories were divided into 15 paragraphs, in one paragraph alone, No. 13, there were 19 sub-divisions. One sub-division, 13(h), propounded a baker's dozen questions, many of them just a re-phrasing of others already asked.

The rule as stated in Coca-Cola Co. v. Dixi-Cola Laboratories, D.C.Md.1939,

30 F.Supp. 275, succinctly defines the proper nature and scope of interrogatories in admiralty. Said the Court in that case (30 F.Supp. at page 279): "* * * Where the facts to be elicited are relatively few and important, whether ultimate facts or evidentiary facts, the legal machinery of interrogatories is a very useful, expeditious and inexpensive method; but where they are very numerous, as in this case, they tend to become unduly burdensome, oppressive and vexatious to the adverse party and difficult for the court to administer."