## THE WRIGHT.

## THE PAPOOSE.
### No. 13146.

District Court, E. D. New York.
Sept. 17, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (by Charles E. Wythe, Sp. Asst. U. S. Atty., of New York City), for libelant.

Barry, Wainright, Thacher & Symmers, of New York City (by Earle Farwell and Paul Clugston, both of New York City), for claimant.

CAMPBELL, District Judge.

This is a motion for an order directing libelant to make discovery of all the evidence given before the United States Naval Court of Inquiry, on May 31, 1931, and to produce for inspection by the claimant all such evidence, including exhibits, and to furnish claimant with a copy of all such evidence, including exhibits, and further to make discovery to the proctor for the claimant of all reports made to the libelant by the commanding officer and other officers and members of the crew of the steamship Wright, in the regular course of their employment relating to the collision between the steamship Wright and the steamship Papoose.

Issue has been joined, and the claimant has sought to obtain by interrogatories the information aforesaid, to all of which the libelant has excepted.

This application is based on rule 32 of the Admiralty Rules promulgated by the United States Supreme Court December 6, 1920 to take effect March 7, 1921 (28 USCA § 723), which reads as follows: "After joinder of issue, and before trial, any party may apply to the court for an order directing any other party, his agent or representative, to make discovery, on oath, of any documents which are, or have been, in his possession or power, relating to any matter or question in issue. And the court may order the production, by any party, his agent or representative, on oath, of such of the documents in his possession or power relating to any matter in question in the cause as the court shall think right, and the court may deal with such documents, when produced, in such manner as shall appear just."

This matter also comes before the court on the hearing on the exceptions to the interrogatories.

Three distinct matters are presented for consideration: (1) a motion for discovery of the record of the proceedings of the Naval Court of Inquiry; (2) a motion for the discovery of the reports made by the commanding and other officers and members of the crew of the steamship Wright to the libelant; (3) the exceptions filed by the libelant to claimant's interrogatories.

There is nothing before this court that shows that the granting of any of the motions made by claimant will in any way injure the libelant by giving publication to any information held in secrecy or in any other way be an injury to the government.

No secrecy has apparently been preserved as to the hearing before the Court of Inquiry or the testimony given on such hearing.

Therefore the argument of the proctor for the libelant of the danger in granting a motion like the present one is not very impressive.

The motion for a discovery of the reports, if any, made by the commanding officer and other officers and members of the crew of the steamship Wright in the regular course of their duty or employment, limited strictly to the collision between the steamship Wright and the steamship Papoose, is proper and should be granted.

This, however, is with reference to report made in the regular course to the libelant, and does not refer to any report or information furnished by any of the persons named to the proctors for the libelant for the purpose of preparing for trial.

An entirely different situation is presented with references to the testimony before the Court of Inquiry.

A court of inquiry was convened pursuant to law, and its purpose was merely to ascertain facts for the information of superior authority.

The subject of inquiry by the court may be broad and general in scope and may involve matters of public welfare and of the universal good of the service.

These courts are not judicial tribunals being instituted solely for the purpose of inquiry and informing the department. They

are not bound by legal rules of evidence, and there are neither parties litigant nor issues joined, nor is their action decisive; on the contrary, it is merely advisory.

The purpose of the interrogation of the civilian witnesses by the Naval Court of Inquiry was to determine whether there were any facts calling for disciplinary action against any of the officers and crew of the naval vessel.

While such courts are generally closed courts, the proctor for the claimant herein was present by permission, and might well have informed himself as to any specific inquiry which he desired to make.

I do not believe that the testimony before the Court of Inquiry is a document as to which the claimant is entitled to discovery under the rule, but a separate inquiry, the testimony taken before that court forming no part of the documents in this suit; and in any case there is no showing made in the moving papers that would warrant the granting of such a sweeping discovery in this suit.

To require the libelant to prepare a typewritten record of that kind in an inquiry of that character would impose a financial burden on it, which is not justified under the rules.

As well might the libelant be required to furnish the record of a trial in any independent action in which incidentally the facts with reference to the collision are brought out, and that portion of the motion should be denied.

I see no objection to requiring the libelant to answer so much of the interrogatories as asked whether it is not true that a specified person testified before said Naval Court of Inquiry, and to that extent the exceptions should be overruled, but they should be sustained in all other respects.

The motion for discovery of the record of the proceedings of the Naval Court of Inquiry is denied.

The motion for the discovery of the reports made by the commanding officer and other officers and members of the crew of the steamship Wright to the libelant is granted, but limited to reports made in the regular course of duty or their employment to the libelant, its officers or servants, and strictly limited to so much thereof as relates to the collision between the steamship Wright and the steamship Papoose, and does not include any reports or information made or given by any of the persons described as above to the proctors for the libelant for the purpose of preparing for trial.

The exceptions to the interrogatories propounded to the libelant by the claimant as to so much of them as call for an answer as to whether it is not true that a specified person testified before said Naval Court of Inquiry are overruled, but as to all other questions and in all other respects the exceptions are sustained.