**Petition of STEVENS.**

**THE WRESTLER.**

No. A–17125.

District Court, E. D. New York.

Nov. 17, 1944.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for damage-claimant.

Krisel & Beck, of New York City, for petitioner.

MOSCOWITZ, District Judge.

A hearing has been had upon the exceptions filed by damage-claimant, Gallagher Brothers Sand and Gravel Corporation, to interrogatories numbered 1, 2, 4 and 5 propounded by the petitioner, Stanley Stevens, the owner of the tug Wrestler.

It is claimed that on February 16, 1944, while the tug Wrestler was towing the loaded scow Henry E, belonging to the Exner Sand and Gravel Company, up the Rahway River, the scow struck a submerged rock. A libel was filed by Exner Sand and Gravel Corporation against Gallagher Brothers Sand and Gravel Corporation, to whom it had chartered the scow, for breach of charter in failing to return the scow in the same condition as it was when received. The owner of the Wrestler filed a petition herein for exoneration from or limitation of liability. Thereafter, the damage-claimant, Gallagher Brothers Sand and Gravel Corporation, filed a claim against petitioner, together with its answer to the petition, and filed its exceptions to the interrogatories which are the subject matter of this decision.

The real question for consideration is whether the damage-claimant should be required to produce a copy of the written report of survey and soundings taken of the bed of the Rahway River. In determining the question of law here involved, this Court in The Christina, 35 F. Supp. 522, decided that Admiralty Rule 31, 28 U.S.C.A. following section 723, being identical with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should therefore be construed alike. See The Velox, D.C., 36 F.Supp. 929. A copy of the written report of survey and soundings should be furnished. It is probably material. However, that is

not the test under the federal rules; the test is, is it probable that the document sought to be examined may contain material evidence. This Court had occasion to consider this matter in Beler v. Savarona Ship Corporation, 26 F.Supp. 599; also see Quemos Theatre Co., Inc., v. Warner Brothers Pictures, D.C., 35 F.Supp. 949.

Exceptions overruled. The proposed order should recite the affidavit of Stanley Stevens.

Settle order on notice.