## BANK LINE LIMITED v. UNITED STATES et al.

District Court, S. D. New York.
May 28, 1946.

588

Haight, Griffin, Deming & Gardner, of New York City (John W. Griffin and Charles S. Haight, both of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., and Edwin Longcope, Sp. Asst. to U. S. Atty., both of New York City, for respondent United States.

Burlingham, Veeder, Clar & Hupper, of New York City (Adrian J. O'Kane, of New York City, of counsel), for other respondents.

MANDELBAUM, District Judge.

This is a motion by respondent, United States of America, to vacate or modify an order by this court of May 1, 1946 which directed the respondent, among other things, to submit to libelant's proctors for inspection and copying a certain record of a United States Navy Board of Investigation held at Casablanca, North Africa, excepting such portion of the said record which deals solely with disciplinary action against naval personnel.

The Navy Department through its Judge Advocate General has objected to producing this record, hence this application.

I take it from an examination of all the papers that the Navy's objections to the production of the record are based on (1) a claim of privilege, (2) court decisions have upheld the Navy's view, and (3) that disclosure of the record would seriously hamper the administration of the Navy Department.

The Navy Board of Investigation in its hearing dealt with the circumstances connected with collisions between inbound and outbound vessels of a convoy. Libelant seeks the fact testimony concerning the collisions under Rule 32 of the Admiralty Rules promulgated by the Supreme Court, 28 U.S.C.A. following section 723.

As to the claim of privilege, I think Hickman v. Taylor, 3 Cir., 153 F.2d 212, disposes of any such claim. Further, no reasons of national security are presently involved which would place the hearings in a special privileged class.

The case of The Papoose (The Wright), D.C., 2 F.Supp. 43, cited by respondent is factually different than the one at bar, and I cannot consider same as an authority for denying the production of the record. Even in that case, the court inferentially indicated that on a proper showing in the moving papers such relief could be granted. The other cases cited by respondent were decided during the time the United States was at war.

And finally, as to the claim that administration of the Navy would be seriously hampered. Evidently the Navy is fearful that this ruling will open the door wide to similar applications in Navy cases now pending. The fears of the Navy are not well founded. This decision does not mean that Navy Records or documents can be obtained indiscriminately. Each case rests on its own facts and is dependent upon a proper showing by the moving party before relief can be granted.

The court's order of May 1, 1946 will stand.