THE L. T. C. NO. 6.

THE TUG RUSSELL NO. 20.

THE SOCONY NO. 23.

LAKE TANKERS CORPORATION v. VAL-LINE, Inc., et al.

No. 17226.

District Court, E. D. New York.

Oct. 11, 1946.

Mahar & Mason, of New York City, (Walter E. Lawlor, of New York City, of counsel), for respondent Val-Line, Inc.

Alexander & Ash, of New York City, (Lawrence S. Collins, of New York City, of counsel), for claimant-respondent Russell Bros. Towing Co., Inc.

MOSCOWITZ, District Judge.

A hearing has been had on the exceptions of respondent Val-Line, Inc., to the interrogatories propounded by the claimant-respondent Russell Bros. Towing Co., Inc.

According to the pleadings the Lake Tankers Corporation, as owner of the tank barge L.T.C. No. 6, the libellant herein, on or about February 19, 1943, chartered the barge L.T.C. No. 6 to respondent Val-Line, Inc. It is alleged that the barge was thereafter returned in a damaged condition. The respondent employed Russell Bros. Towing Co., Inc., claimant-respondent, to tow the L.T.C. No. 6 from Mt. Vernon, New York, to Bayway, New Jersey. It is alleged that on this voyage the L.T.C. No. 6 came into contact with the barge Socony No. 109 in tow of the tug Socony No. 23, thus causing damage to the L.T.C. No. 6. There was a subsequent collision with the L.T.C. No. 6 due to a contact with the tug Russell No. 20.

The allegations of damage are general. There is no way to determine from the pleadings the damages caused by each of the collisions.

Certain of the exceptions to the interrogatories were disposed of at the hearing. Exceptions to the following interrogatories will be considered now:

"2 (a) What part of the barge L.T.C. #6 will be claimed to have come into contact with the barge Socony #109, as alleged generally in paragraph 'Fifth' of the petition.

"2 (b) What part of the barge Socony #109 will be claimed to have come into contact with the barge L.T.C. #6, as alleged generally in paragraph 'Fifth' of the petition.

"4 (c) Set forth any such report, statement or log entry in full and complete detail.

"5 (c) Set forth any such report, statement or log entry in full and complete detail.

"6 State the exact location of the alleged casualty of March 7, 1943 with distance and true bearings from two or more aids of navigation or prominent objects.

"8 (a) The part of the tug Russell #20 that is claimed to have collided with the barge L.T.C. #6.

"8 (b) The part of the barge L.T.C. #6 that is claimed to have collided with the tug Russell #20.

"8 (d) The part of this other barge that is claimed to have collided with the barge L.T.C. #6.

"8 (e) The part of the barge L.T.C. #6 that is claimed to have collided with this other barge.

"10 (d) The nature of such complaints, if any, setting them forth in full and complete detail.

"11 (a) The amount of damage claimed to have been sustained by the barge L.T.C. #6 because of the alleged casualty of March 7, 1943.

"11 (b) The amount of damage claimed to have been sustained by the barge L.T.C. #6 because of the alleged casualty of March 15, 1943.

"12 State the exact location of the alleged casualty of March 15, 1943, with distances and bearings from two or more aids to navigation or prominent objects."

The general rule is that interrogatories are proper if inquiry could be made concerning the same subject-matter of witnesses at the trial. See American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773; The Raphael Semmes, D.C., 3 F.R.D. 71; The Wright, D.C., 2 F.Supp. 43. This Court had occasion to discuss the matter in The Wrestler, D.C., 58 F.Supp. 271.

It has again and again been pointed out that Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, being identical with Admiralty Rule 31, 28 U.S.C.A. following section 723, should be construed alike.

While ordinarily the Court would not permit interrogatories relating to general damage as that is a matter for the commissioner, however here there were two accidents and it would seem that the damages as a result of the accidents should be stated separately. They need not be in great detail but certainly such information may be of vital importance on the trial. All the exceptions are overruled.

Settle order on notice.