ANGLO–SAXON PETROLEUM CO., LIMITED, OF LONDON, ENGLAND, v. UNITED STATES.

UNITED STATES v. ANGLO–SAXON PETROLEUM CO., LIMITED, OF LONDON, ENGLAND.

THE DAVILA.

THE WILKES.

No. 964.

District Court, D. Massachusetts.

May 11, 1948.

Thomas H. Walsh, of Boston, Mass. (Reid, Cunningham & Freehill and Herbert P. Reid of New York City, of counsel), for Anglo-Saxon Petroleum Co., Limited, of London, England.

William T. McCarthy, U. S. Atty. and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., and Myron H. Avery, Admiralty Counsel, Navy Department, and Thomas F. McGovern, Admiralty and Shipping Section, Department of Justice, both of Washington, D. C., for the United States.

SWEENEY, District Judge.

In the above entitled action the libellant has moved for an order directing the United States to produce for inspection and copying a trancript of a certain hearing and investigation held by a Naval Board of the United States at the Port of Boston, Massachusetts, relating to a collision which occurred on April 8, 1942, between the British M/V Davila and the respondent United States of America's Destroyer U. S. S. Wilkes. In the affidavit attached to the motion, it plainly appears that the libellant is concerned with the failure of Commander John Donald Kelsey to produce the U. S. S. Wilkes' radar logbook, his inability to comply being explained by the fact that he did not know where the radar logbook was. The affidavit further states that the Commander admitted that the radar logbook had been produced during the Naval Board of Inquiry hearing. The libellant's affidavit ends with a suggestion that it is of the utmost importance that the radar logbook, or a true copy thereof, be produced. It then goes on to state that, in addition thereto, the testimony taken before the Naval Board of Inquiry relating to the radar logbook should be disclosed to it.

Under date of April 1, 1948, which was prior to the hearing on the libellant's motion to produce, the respondent filed a claim of privilege and affidavit in opposition to the motion for discovery to which was attached a true copy of the radar logbook of the U. S. S. Wilkes. In disclosing this certified copy, the United States reserves the right to object to its admissibility at the trial, on the ground that it was not made contemporaneously with the actions which it represents, so that the motion to produce now is limited to the production of the testimony of the respondent's own witnesses as they refer to the radar logbook. I do not feel that the libellant is entitled to this. I prefer to adhere to the reasoning and authority of The Wright (The Papoose), D.C., 2 F.Supp. 43; State

of Maryland for use of Daisy Kent v. United States,[1] 1947 A.M.C. 1336; P. C. 616-Australia Star-Hindo,[1] D.C.S.D.N.Y., Adm. 133–168, Judge Conger, June 20, 1945, and New Mexico-Oregon,[1] D.C.E.D. Va., Judge Way, June 15, 1942, rather than the reasoning and decisions in Bank Line Limited v. United States et al., D.C. 68 F.Supp. 587, and Bank Line Limited v. United States et al., D.C.S.D.N.Y., 76 F. Supp. 801, Judge Rifkind. I think that the decision in Hickman v. Taylor et al., 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, calls for this choice on my part. The witnesses interrogated at the Naval Inquiry were employees of the respondent. They were not independent witnesses, and the confidential relationship existing between employer and employee and the employer's attorney acting in the preparation of the case would seem to preclude the other side from prying into their files. A different decision might have been reached if the copy of the radar logbook had not been produced, but I am limiting this decision to the immediate circumstances.

I think that the amendment of July 3, 1944, to the Public Vessels Act, 46 U.S.C.A. §§ 791–799, particularly § 795, points out clearly how far discovery should be permitted. Section 795 provides in substance that if a stay of proceedings, either by order of the Court or by agreement of the parties, prevents the taking of testimony of witnesses and such testimony is thereby lost, the Court may receive in lieu of such testimony " *  *  * the statement or testimony of such witness before a naval investigation, board of investigation, court of inquiry, or court martial, or Coast Guard investigation: Provided, That the use of such testimony shall not in any litigation make admissible the remainder of the said record or compel the production of the remainder of said record by the United States." This statute appears to be designed to ameliorate the hardship occasioned by the war, and implicitly recognizes that such testimony would ordinarily lie beyond the scope of the discovery process provided by the rules of litigation. This libellant can gain no comfort from this statute since it does not claim to have been prevented from taking testimony by reason of a stay of proceedings. In fact, it appears by affidavit that the libellant took considerable testimony by deposition following the accident.

The motion is denied.

---

[1] No opinion for publication.