See also, 74 F.Supp. 754.

## MANDEL v. UNITED STATES.

### No. 233 of 1946.

United States District Court
E. D. Pennsylvania.

Aug. 14, 1950.

Freedman, Landy & Lorry, Philadelphia Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., James P. McCormick, Asst. U. S. Atty. Philadelphia, Pa., Patrick F. Cooney, Atty., Admiralty Section, Department of Justice, Washington, D. C., for defendant.

KIRKPATRICK, Chief Judge.

This is an action under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The libellant is the administrator of a seaman who was killed when a vessel belonging to and operated by the United States struck a mine in an Italian port on October 15, 1944. The libel charges negligence in the navigation of the vessel, in failing to provide an adequate lookout, in failing to maintain adequate degaussing, life saving equipment and warning devices, and in other particulars.

It appears that shortly after the disaster, in the course of a proceeding before an Army Board of Investigation, sworn statements were obtained from all the witnesses to the actual sinking and from persons having information as to the events preceding and surrounding it.

The libellant filed a number of interrogatories asking for relevant facts known to the respondent. One interrogatory asked for the production of copies of all written statements (signed or unsigned) of witnesses obtained by the United States or its representatives. This, of course, includes the testimony of witnesses before the Army Board of Investigation. The respondent has answerd the fact interrogatories and has produced a number of reports, communications and memoranda but has refused to produce any statements either oral or written procured by the Army Board of Investigation. This motion is to compel their production.

Both parties recognize that, since the decision of the Court of Appeals for the Third Circuit in Alltmont v. United States, 177 F.2d 971, this Court cannot order the production of copies of statements of witnesses under Admiralty Rule 31, 28 U.S.C.A., Fed. Rules Civ.Proc. Rule 33, 28 U.S.C.A., and so obviate the necessity of showing the good cause required by Admiralty Rule 32, Civil Rule 34. The motion does not specifically refer to either rule and it, therefore, will be treated as a motion under Rule 32 for the production of the documents. Good cause must be shown.

An affidavit has been filed by counsel for the libellant in which it is alleged that the information given by the respondent in response to the fact interrogatories does not give him information upon a number of points which he needs in order to prepare and prove his case and to cross-examine the respondent's witnesses; that the crew consisted of 27 of whom about half survived and that he has mailed some 35 letters to survivors and other witnesses identified by the respondent; that he has received only four letters from crew members, stating that the ship struck a mine but giving no information relating to the issues of negligence raised by the pleadings. The respondent does not question the truth of these statements.

In an opinion recently filed by this Court, Brauner v. United States, 10 F.R.D. 468, it was pointed out that the mere fact that the party seeking production of statements given by witnesses has the witnesses' names and knows where to find them does not, under all circumstances, bar his right to have the statements produced. In the Alltmont case, supra, the Court of Appeals, in its order amending the original opinion, said no more than that if witnesses can be interviewed without undue burden or delay "it is quite possible" that the party asking for their statements "will be unable to show good cause". The plain implication is that undue burden or delay in interviewing the witnesses may constitute good cause for acquiring the production of their statements.

The list of the witnesses in this case whose statements have been taken by the respondent, furnished by it in answers to interrogatories, shows that two of them reside in Mississippi, two in Texas, three in Louisiana, two in Massachusetts, one in Georgia, one at Oswego, New York, one in Chicago, and that the addresses of three (who were at the time of the answers Navy personnel) were Cagliari, Sardinia, and that one was a member of the Royal Air Force, with the same address. Attempted correspondence with these witnesses has proved unproductive. Even if more letters had been received they would have been no substitute for interviews and depositions. In view of the distances involved and the expense and difficulty of reaching the witnesses, it is plain that good cause exists for requiring the production of their statements.

The master's statement is a different matter. He resides within 100 miles of Philadelphia and it does not appear that his deposition cannot be taken. It may be that for one reason or another (see opinion in Brauner v. United States, supra) after the taking of the deposition good cause for the production of the statement can still be shown. This, however, is not before me at the present time.

In Brauner v. United States, supra, this Court, for reasons which need not be repeated here, held that the report of the Army Board of Investigation and the statements taken at that time are not privileged.

The libellant's motion will be granted except as to the statement of the master.