**McDONALD**

v.

**PENNSYLVANIA R. CO. et al.**

Civ. A. No. 11168.

United States District Court
E. D. Pennsylvania.

Oct. 22, 1951.

See also 108 F.Supp. 293.

B. Nathaniel Richter, Richter, Lord & Farage, Philadelphia, Pa., for the plaintiff.

Philip Price, Robert M. Landis, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for the defendant Pennsylvania Railroad Co.

Harry R. Axelroth, Daniel J. McCauley, Jr., Axelroth & Porteous, Philadelphia, Pa., for the defendant S. J. Groves & Sons Co.

KIRKPATRICK, Chief Judge.

The plaintiff asks, under Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A., for the production of statements of certain of the defendant's employees. From what was said at the argument, I assume that the statements were taken a very short time after the accident, which consisted of one of the defendant's trains running into a mobile crane at a grade crossing. The plaintiff's decedent, the engineer, was killed. The witnesses were the crew of a freight train which had gone by just before and, I understand, might have seen the crane about to cross the track. The plaintiff has the names of the witnesses and they are all readily available to her. Their depositions have not as yet been taken under the Federal Rules.

There are no special circumstances about the accident which would make applicable what was said in Brauner v. United States, D.C., 10 F.R.D. 468—no complicated instrumentalities involved in the accident and nothing requiring expert knowledge or special familiarity with the subject to insure full disclosure on the taking of depositions. I know that in De Bruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403, I said that no more was needed to show good cause than that the accident occurred a year or more ago, that the defendant through its claims department immediately interviewed witnesses and took statements, and that the plaintiff was not in a position to do so until the bringing of the suit after a considerable lapse of time. However, certain statements in the opinion of the Court of Appeals in Alltmont v. United States, 3 Cir., 177 F.2d 971, indicate that the Court is of the opinion that these facts would not be sufficient to establish

good cause under Rule 34 but that additional "special circumstances" would have to appear. These expressions are dicta, because the Alltmont case was a motion under Rule 33 and not Rule 34. However, in the present case it does not appear that any hardship or injustice will result from a denial of the plaintiff's motion. The whole situation may be clarified when the Brauner case, which is now pending in the Court of Appeals, is decided. I, therefore, deny the plaintiff's motion as to the statements of these witnesses, with leave to renew it if, after the depositions are taken, special circumstances should appear which would justify granting it.