### DE GAETANO
v.
**FRANK A. CLENDANIEL, Inc. et al.**
**Civ. A. No. 1545.**

United States District Court
D. Delaware.
Nov. 27, 1953.

Albert L. Simon and Stephen E. Hamilton, Jr., Wilmington, Del., for plaintiff.

William Prickett, Wilmington, Del., for defendants.

LEAHY, District Judge.

This is an action for damages arising out of an automobile collision. Defendants served interrogatories on plaintiff. Interrogatory 3 reads:

> "Give the names and addresses of persons from whom statements have been procured in regard to the facts alleged in the complaint."

Plaintiff's answer was:

> "Thomas Goldsberry
> U. S. M.C.
> Naval Hospital
> Philadelphia, Pa."

Defendants move under F.R. 34 to compel plaintiff to produce this statement of Goldsberry. The motion states this statement is in possession of plaintiff, contains evidence of plaintiff's negligence, and is not privileged.

■ 1. A party seeking production under F.R. 34 must show "good cause therefor".[1] What constitutes good cause has no general answer but depends on the facts of each case. There must be, however, a substantial showing of good cause.[2]

1. 28 U.S.C.A. 4 Moore's Federal Practice, 2nd Ed., § 34.08; Alltmont v. U. S., 3 Cir., 177 F.2d 971.

2. Dellameo v. Great Lakes S. S. Co., D.C. Ohio, 9 F.R.D. 77; Grogan v. Pennsylvania R. Co., D.C.N.Y., 11 F.R.D. 342; McDonald v. Pennsylvania R. Co., D.C., 15 F.R.D. 145; Bonefond v. Borden Co., D.C.N.Y., 12 F.R.D. 183; Gajowski v. Empie, D.C.N.Y., 11 F.R.D. 60.

2. Defendants rely on Pennsylvania R. Co. v. Julian, D.C.Del., 10 F.R.D. 452. The facts of that case are different from those present in the case at bar. The conclusion is good cause has not been shown, here, and defendants' motion for production should be denied.