UNITED STATES of America, owner of THE U.S.S. DARBY (DE 218), Libelant,

v.

THE S.S. SOYA ATLANTIC, her engines, boilers, tackle, etc., in rem, and against Rederi A/B Walltank, owner of the S.S. Soya Atlantic, in personam, Respondents.

REDERI A/B WALLTANK, as owner of the S.S. Soya Atlantic, Cross-Libelant,

v.

UNITED STATES of America, owner of the U.S.S. Darby (DE 218), Cross-Respondent.

Adm. No. 4170.

United States District Court
D. Maryland.

Nov. 7, 1961.

Joseph D. Tydings, U. S. Atty., Baltimore, Md. (Robert D. Klages, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., of counsel), for United States.

Ober, Williams, Grimes & Stinson, Baltimore, Md., and Hill, Betts, Yamaoka, Freehill & Longcope, New York City (Southgate L. Morison, Baltimore, Md., and Eugene F. Gilligan, New York City, of counsel), for The S.S. Soya Atlantic and her owner.

THOMSEN, Chief Judge.

The Soya Atlantic and her owner seek an order under Admiralty Rule 32, 28 U.S.C.A., requiring the government to produce the record of an investigation conducted by a Navy Board of Inquiry of the collision between the Soya Atlantic and the U.S.S. Darby (DE 218) which forms the basis of this suit. Proctors for the Soya Atlantic say that they wish to

compare the statements of the several witnesses given to the Navy Board with the testimony which those witnesses will give at the trial. The government objects on the grounds (1) that no good cause has been shown, and (2) that the record of the Navy Board of Inquiry is privileged.

The Coast Guard also conducted an investigation of the collision. At the Coast Guard hearing, held pursuant to 46 U.S.C.A. § 239, the government produced for examination and cross-examination all witnesses from the Darby requested by counsel for the Soya Atlantic and her owner, as well as the Darby's log books, charts, etc. Copies of those documents were furnished to counsel for the Soya Atlantic, together with a transcript of the proceedings before the Coast Guard. The government has also answered interrogatories filed by proctors for the Soya Atlantic. Proctors for the government say that they have not seen and do not expect to examine or use in any way the statements given to the Navy Board.

1. No good cause for requiring the government to produce the statements has been shown. This court has adopted the policy that statements of a party or a witness cannot ordinarily be secured under Admiralty Rule 32 or Civil Proc. Rule 34, 28 U.S.C.A., for the sole purpose of cross-examination. See Buining v. The S.S. Transporter, D.Md., 171 F.Supp. 465, 1959 A.M.C. 1007, quoting at length from the opinion of Judge Aldrich in Margeson v. Boston & Maine Railroad, D.Mass., 16 F.R.D. 200, 201, 1955 A.M.C. 101. See also Burns v. Mulder, E.D.Pa., 20 F.R.D. 605, 606.

2. It is not necessary, therefore, to decide to what extent and under what circumstances the record of a Navy Board of Inquiry may be privileged, nor how such a privilege may be waived. But see Pacific-Atlantic S.S. Co. v. United States (Oregon-New Mexico), 4 Cir., 175 F.2d 632, 1949 A.M.C. 1120; State, use of Kent v. United States, D.Md., 1947 A.M.C. 1336; Anglo-Saxon Petroleum Co., etc. v. United States (The Davila—The Wilkes), D.Mass., 78 F.Supp. 62, 1948

A.M.C. 907; The Ruchamkin, E.D.Va., 141 F.Supp. 97, 1956 A.M.C. 1245, aff'd on this point sub nom. United States v. S.S. Washington, 4 Cir., 241 F.2d 819, 826, 1957 A.M.C. 201, 210, cert. den. 355 U.S. 817, 78 S.Ct. 21, 2 L.Ed.2d 34.

Order.

The motion for an order to produce is hereby denied.